IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-290-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CLARENCE EVERETT BRIGGS, individually ) | |
| and as fiduciary for the CLARENCE EVERETT ) | |
| BRIGGS & VICKI LYNN BRIGGS ) | |
| IRREVOCABLE TRUST, BRIGGS FAMILY ) | |
| INVESTMENTS, LLC, and LISA A. BRIGGS ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on defendants' motion to dismiss. [DE 24]. The motion is ripe for adjudication. For the reasons stated below, defendants' motion to dismiss is DENIED.

## BACKGROUND

This is a suit filed by the United States seeking (1) to reduce to judgment federal income tax assessments made against the Charles Everrett Briggs & Vick Lynn Briggs Irrevocable Trust (the Trust) and (2) to foreclose the related federal tax liens on the Trust's interest in Briggs Family Investments, LLC (the LLC). [DE 1 at 4]. Defendants argue that the tax court's decisions as to the tax liability preclude this Court from reducing the assessments to judgment, that the government cannot foreclose on property owned by the LLC to satisfy the tax obligations of the Trust, and that there are no claims against Clarence Briggs and Lisa Briggs as individuals, thus they must be dismissed from the lawsuit.

## DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When

ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–556 (2007)). Specificity is not required; the complaint need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S at 555 (quotation omitted). To survive a Rule 12(b)(6) motion, a complaint must contain facts sufficient "to raise a right to relief above the speculative level" and satisfy the court that the claim is "plausible on its face." *Id.* at 555, 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

I. REDUCING ASSESSMENTS TO JUDGMENT

In this case, defendants concede that the tax court decided the amount of defendants' liabilities by providing proposed assessments, to which defendants stipulated. [DE 25 at 7–8]. The IRS then assessed tax liability against the Trust in the amount proposed by the tax court. [DE 1 at ¶ 12]. When the IRS tried to collect on these assessments, it was unsuccessful, and it now sues to reduce its assessments to judgment. [DE 1 at ¶ 13, 24]. While the tax court's decision determined a liability amount, it is the IRS's actual assessment that the government sues to enforce in this case. *See, e.g, United States v. Hansel*, 999 F.Supp. 694, 696, 698–99 (N.D.N.Y. Mar. 14, 1998) (ordering summary judgment for the government where government sued to reduce tax assessment to judgment following tax court's determination of liability).

Here, the government is proceeding exactly as it proceeded in *Hansel*. It relied on the tax court's determination of liability to formulate its own assessment, and now sues to reduce the assessments to judgment. This is well within the government's power broad tax collection powers and is specifically provided for in 26 U.S.C. § 7403. As such, defendants' motion to dismiss claim one is denied.

II. FORECLOSURE

Defendant next argues that the government cannot foreclose on property owned by the LLC to satisfy the Trust's tax liability. The government's complaint actually "seeks to foreclose the [Trust's] interest in the LLC," rather than the property owned by the LLC itself. [DE 1 at ¶ 19]. Defendants do not dispute that "a lien could attach to [the Trust's] interest in the LLC. [DE 31 at 3]. Instead, defendants rely on North Carolina law to argue that the IRS does not have the ability to levy on the lien. [*Id.*].

The Internal Revenue Code is quite clear that "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount... shall be a lien in favor of the United States upon all property, whether real or personal, belonging to such person. 26 U.S.C. § 6321. The Court, however, must look to state law to determine whether one has a right to the property. *Aquilino v. United* States, 363 U.S. 509, 513 (1960); *Drye, Jr., et al. v. United States*, 528 U.S. 49, 52 (1999). If the Court determines that, in this case, the Trust does have a property interest in the LLC, "state law is inoperative to prevent the attachment of liens created by federal statutes in favor of the United States." *Drye, Jr.*, 528 U.S. at 52. The government's levy power is laid out in 26 U.S.C. § 6331(a). ("If any person liable to pay any tax neglects or refuses to pay the same ... it shall be lawful for the Secretary to collect such tax ... by levy upon all property and rights to property ...."). It clear that "although the definition of underlying property interests is left to state law, the consequences that attach to those interests is a matter left to federal law." *United States v. Rodgers*, 461 U.S. 677, 683 (1982).

Here, North Carolina law is clear that "[a]n ownership interest [in an LLC] is personal property." N.C.REV.STAT. § 57D-5-01 (2013). State law therefore cannot prevent the attachment of the federal liens to the LLC. Plaintiffs rely exclusively on state law in their motion to dismiss,

3

but state law cannot prevent the lien from attaching to the LLC nor does state law govern the process by which the government can levy on the lien. As the government's claim is, at minimum, plausible, dismissal is not warranted.

III. CLAIMS AGAINST INDIVIDUALS

Defendant argues that the complaint must be dismissed against Mr. and Ms. Briggs individually because it alleges no claims against them. Section 7403(b) requires that "all persons having liens upon or claiming any interest in the property involved in [an action to enforce a lien of the United States] shall be made parties thereto. *Id.* The United States named them, pursuant to 26 U.S.C. § 7403(b), because one or both may claim an interest in the property upon which it is trying to foreclose. As such, Mr. and Mrs. Briggs are properly named in the suit, and defendants' motion to dismiss both parties is denied.

## **CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is DENIED.

SO ORDERED, this __10__ day of October, 2014.

                                         TERRENCE W. BOYLE
                                         UNITED STATES DISTRICT JUDGE

4

Case 5:14-cv-00290-BO   Document 32   Filed 10/15/14   Page 4 of 4